IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00208-TLW-2 |
| v. | **Order** |
| Edwin Devon Edgeworth | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846. After taking into account the § 851 Information that the Government previously filed, his statutory sentencing range was 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 84, 88. His Guidelines range at sentencing was 240 to 293 months, followed by 10 years of supervised release. PSR ¶¶ 85, 91. After granting the Government's motion for a downward departure pursuant to § 5K1.1 and departing four levels, his reduced Guidelines range became 151 to 188 months (31/IV). The Court imposed a 156-month term of imprisonment, followed by a 10-year term of supervised release. ECF No. 240. After three sentence reductions based on two retroactive Guidelines amendments and one Rule 35(b) motion by the Government, the Court ultimately

1

reduced his sentence to 91 months. ECF Nos. 394, 514, 548. BOP records reflect that he was released from custody on November 17, 2014.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged Defendant with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in § 841(b)(1)(A)(iii) by increasing the threshold amount of crack from 50 grams to 280 grams.

The Fourth Circuit recently held that a defendant convicted of a multi-object drug conspiracy case involving crack and some other drug is still eligible for a reduction even though the Fair Sentencing Act only modified the penalties associated with crack. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). Thus, Defendant is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B).

Defendant's motion is not entirely clear about whether he is requesting a full resentencing. To the extent he is, Judge Currie has considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr.

15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also United States v. Wirsing*, 943 F.3d 175, 181 n.1 (4th Cir. 2019) ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Gravatt* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Gravatt*, 953 F.3d at 264.

In considering whether to reduce Defendant's term of supervised release (he served his custodial sentence and has been released by the BOP), the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court carefully considered the memoranda filed by counsel for the parties. The Court has also considered in its analysis the issues raised in Defendant's motion, including that the offense listed in the § 851 Information would no longer qualify for § 851 purposes and that he has been on supervised release for nearly six years without violations. In light of these considerations, particularly that his prior drug possession offense would

3

now not count for § 851 purposes, the Court concludes that it would be appropriate to reduce his supervised release term to 5 years.

Defendant asked that his supervised release term be reduced to 4 years, but the Court concludes that a reduction to 4 years would not be appropriate. While the Government argued that the supervised release term should not be less than 8 years, it acknowledged that "it may be appropriate for this Court to consider, among other factors, subsequent changes in the law which would benefit [Defendant] in determining whether to reduce his term of supervised release." ECF No. 670 at 6. Because he was convicted of conspiring to distribute at least 50 grams of crack and at least 5 kilograms of cocaine, his statutory supervised release term for the cocaine portion of the charge alone is 5 years without the § 851 enhancement and 10 years with the enhancement. *See* 21 U.S.C. § 841(b)(1)(A). As discussed above, the Court has considered the fact that his prior drug possession conviction would not count today for § 851 purposes, making the supervised release period 5 years if he were sentenced today. For these reasons, the Court concludes that it would be appropriate under the facts of this case to take that factor into consideration and reduce his supervised release term to the level it would be without the enhancement—5 years.

Pursuant to the First Step Act and for the reasons set forth above, Defendant's motion, ECF No. 668, is **GRANTED**, and his term of supervised release is reduced to 5 years.[1] An amended judgment will follow.

---

[1] Defendant has already served this 5-year term of supervised release, as he was released on November 17, 2014.

4

IT IS SO ORDERED.

                                               *s/ Terry L. Wooten*
                                               Terry L. Wooten
                                               Senior United States District Judge

November 5, 2020
Columbia, South Carolina